No. 25-60327

_____

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

_____

NICHOLAS SERVICES, L.L.C., DOING BUSINESS AS NICHOLAS AIR;
CORR FLIGHT S., INCORPORATED,

*PLAINTIFFS-APPELLANTS*

V.

GLASSDOOR, L.L.C.,

*DEFENDANT-APPELLEE.*

On Appeal from the United States District Court
for the Northern District of Mississippi
No. 3:23-cv-00448-MPM-RP
Hon. Michael P. Mills

_____

### PLAINTIFFS-APPELLANTS' OPENING BRIEF
### ORAL ARGUMENT REQUESTED

_____

D. Sterling Kidd (MS Bar # 103670)
Baker, Donelson, Bearman, Caldwell,
& Berkowitz, PC
One Eastover Center
100 Vision Drive Suite 400 (ZIP
39211)
P. O. Box 14167
Jackson, MS  39236
Tel.: 601.351.8952
skidd@bakerdonelson.com

*Attorney for Plaintiffs-Appellants*

## <u>CERTIFICATE OF INTERESTED PARTIES</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case (Nicholas Services, LLC and Corr Flight S., Inc. v. Glassdoor, LLC, Case No. 25-60327). These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1.     D. Sterling Kidd, Baker Donelson Bearman Caldwell & Berkowtiz, Counsel for Plaintiffs/Appellants;

2.     Nicholas Services, LLC, and

3.     Hannah Katherine Herrin, internal counsel for Plaintiff/Appellee;

4.     William J. Frimel and Christoper R. Edgar, Seubert French Frimel & Warner LLP, Counsel for Defendant/Appellee;

5.     Pope S. Mallette and John Andrew Mauldin, Mayo Mallette PLLC, Counsel for Defendant/Appellee; and

6.     United States District Court Judge Michael P. Mills.


*/s/ D. Sterling Kidd*
D. STERLING KIDD

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The Court should grant oral argument in this matter, as it involves important questions regarding the District Court's improper transfer of claims to California and the District Court's failure to properly consider the well-pleaded allegations of the operative Complaint. These issues can be further explained and addressed at oral argument. Further, the appeal is important to Plaintiffs/Appellants because the content at issue remains on Defendant's website and is inflicting a continuing harm on Plaintiffs/Appellants.

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PARTIES……………………………………………i

STATEMENT REGARDING ORAL ARGUMENT…………………………………ii

TABLE OF CONTENTS………………………………………………………...…iii

TABLE OF AUTHORITIES………………………………………………………iv

JURISDICTIONAL STATEMENT ......................................................................1

STATEMENT OF THE ISSUES........................................................................1

STATEMENT OF THE CASE...........................................................................2

SUMMARY OF THE ARGUMENT ..................................................................5

ARGUMENT .................................................................................................5

     I.     The District Court erred in enforcing the forum-selection clause. .........................5

          A.     The TOU are unconscionable and are contrary to public policy. ...............6

          B.     The District Court did not consider certain factors that this Court has mandated when deciding whether to sever claims, and it misapplied the factors it did consider.................................................................11

     II.     The reviews are "of and concerning" Corr. .........................................13

     III.     The District Court improperly considered only the employer/employee portions of the posts in holding that the posts were not defamatory........................................15

CONCLUSION..............................................................................................17

CERTIFICATE OF SERVICE………………………………………………….....19

CERTIFICATE OF COMPLIANCE ................................................................20

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## Cases

*Caudle v. Thomason*,
  942 F. Supp. 635 (D.D.C. 1996)..........................................................................14

*Croixland Props. Ltd. P'ship v. Corcoran*,
  174 F.3d 213 (D.C. Cir. 1999)............................................................................15

*Dalon v. Ruleville Nursing & Rehabilitation Ctr., LLC*,
  161 F. Supp. 3d 406 (N.D. Miss. 2016) ..............................................................7

*Davis v. Avvo, Inc.*,
  No. 8:10-CV-2352-T-27TBM, 2011 WL 4063282 (M.D. Fla. Sept. 13, 2011)..10

*Davis v. Meta Platforms, Inc.*,
  2023 WL 4670491 (E.D. Tex. July 20, 2023).......................................................6

*Edmiston v. Louisiana Small Bus. Dev. Ctr.*,
  931 F.3d 403 (5th Cir. 2019)................................................................................5

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*,
521 F.3d 1157, 1166 (9th Cir. 2008)………………………………………...…16

*Haynsworth v. The Corporation*,
  121 F.3d 956 (5th Cir. 1997)................................................................................8

*In re Rolls Royce Corp.*,
  775 F.3d 671 (5th Cir. 2014) .................................................................. 6, 10, 12

*Long Beach Auto Auction, Inc. v. United Sec. All., Inc.*,
  936 So. 2d 351 (Miss. 2006) .............................................................................8, 9

*Matthews v. Tidewater, Inc.*,
  108 F.4th 361 (5th Cir. 2024)............................................................................5, 6

*Mount Carmel Ministries v. Seaway Ban & Trust Co.*,
  2015 WL 13375901 (S.D. Miss. Sept. 2, 2015)...................................................7

*Nicholas Servs., LLC v. Glassdoor, LLC*,
   No. 24-CV-05789-RS, 2025 WL 240765 (N.D. Cal. Jan. 17, 2025)...................13

*Palin v. New York Times Co.*,
   940 F.3d 804 (2d Cir. 2019) .................................................................................15

*Perkins v. Littleton*,
   270 So.3d 208 (Miss. Ct. App. 2018)...................................................................14

*R. McKnight & Son v. C & I Ent.*,
   100 So. 3d 1022 (Miss. Ct. App. 2012)..................................................................8

*Rodriguez v. Rutter*,
   310 F. App'x 623 (5th Cir. 2009) .........................................................................14

*Walker v. Nautilus, Inc.*,
   541 F. Supp. 3d 836 (S.D. Ohio 2021)...................................................................8

*Winstead*,
   129 So. 3d 906 (Miss. 2014) ................................................................................17

**Statutes**

29 U.S.C. § 1291 ......................................................................................................1

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under 29 U.S.C. § 1291 because Nicholas Services, LLC d/b/a Nicholas Air ("Nicholas Air") and Corr Flight Corr Flight S., Inc. ("Corr", or with Nicholas Air, "Nico") are appealing an order transferring Nicholas Air's claims to federal court in California and an order dismissing Corr's claims, both of which were entered by the United States District Court for the Northern District of Mississippi ("the District Court").[1]  The District Court had jurisdiction because there is diversity of citizenship between Nico and Glassdoor.   Nico timely filed its Notice of Appeal on June 11, 2025.

## STATEMENT OF THE ISSUES

1.    The District Court erred in transferring Nicholas Air's claims to California pursuant to a forum-selection clause contained in Glassdoor's terms of use. Nicholas Air agreed to those terms of use only *after* Glassdoor created false content about Nicholas Air, in an effort to mitigate damages short of litigation.  The transfer led to including inconsistent decisions on the very same legal issue.

2.    Corr plausibly stated a claim for defamation by alleging that disinterested third parties believed the posts at issue referred to Corr and its employment practices, even though Corr was not referenced by name in the posts,

---

[1] Nico seeks review only as to the dismissal of the defamation claim, not the dismissal of other claims.

and there is no reasoned dispute that the posts in question contain defamatory content.

## STATEMENT OF THE CASE

Nicholas Air is a private aviation company based in Oxford, Mississippi.  It has no employees – Corr provides all personnel Nicholas Air needs to operate. Nicholas Air is a brand, and Corr is a staffing company.  The employees who are employed by Corr and perform services for Nicholas understand this distinction.

In May 2021, Nicholas Air learned that it had a profile on Glassdoor that it had not created,[2] and that the profile contained defamatory reviews from alleged current and former employees.  The reviews are entirely false, given that Nicholas Air has no employees – and Glassdoor created this falsity by requiring that posters self-identify as current or former employees.  The posts also include the type of inflammatory language that Glassdoor encourages in order to gain more traffic, stating (for example) that: (1) Nicholas Air offers "non competitive income" and "unkept promises", ROA.181; (2) management "doesn't care about the employees" ROA.182; and (3) employees are required to work excessive hours without overtime pay, ROA.178, ROA.182. When it became aware of the purported Nicholas Air page

---

[2] If an alleged previous employee wishes to add a review for a non-listed company, Glassdoor will create a profile for the Company by asking the alleged previous employee questions concerning the company. This profile creation is done without any input from the Company. The process is found on Glassdoor's website here: https://help.glassdoor.com/s/article/Add-my-company?language=en_US

it did not authorize and the defamatory posts featured on it, Nico sought to mitigate its damage in two key ways, as required by applicable law.

First, Nicholas Air involuntarily "claim[ed] its employer account, which was created by Glassdoor" by clicking a box that allowed it to access the account and review the posts. ROA.171.[3]  Again, and to be clear – it claimed this account after it discovered the posts, not before.  As a condition of claiming the account, Nicholas Air was required to submit to Glassdoor's unilateral, boilerplate terms of use ("TOU"), which ultimately led the District Court to transfer Nicholas Air's claims to federal court in California.  Those TOU provided, in pertinent part, that "any such claims or disputes that are in any way related to or arising under these Terms or your access to or use of our services . . . .shall be brought and litigated exclusively in the state courts located within Marin County, California or the federal courts in the Northern District of California, as appropriate, and you agree to submit to the personal jurisdiction of each of these courts for the purpose of litigating such claims or disputes."  ROA.240.

Second, Nico contacted Glassdoor and requested remedial action. ROA.383-384.  Initially, Glassdoor was minimally responsive to the requests for remediation, as it promised to investigate Plaintiff's concerns, and even that upper-level personnel

---

[3] By definition, the person claiming the profile and entering into the TOU was a Corr employee.

had been notified and were engaged. ROA.384.  Glassdoor ultimately did nothing.
*Id.*

Accordingly, Nico sued Glassdoor.  In the suit, Corr made clear that it was defamed alongside Nicholas Air; it alleged that the reviews "are causing prospective employees to be deterred from employment with ***Corr Flight***[.]" ROA.171 at ¶ 18; ROA.521 at ¶ 14 (emphasis added). As its factual allegations make clear, Corr has interviewed multiple potential employees who have expressed concerns about employment with Corr ***because of*** the posts. This allegation is sufficient at the pleading stage that the reviews are "of and concerning" Corr.

The District Court held that Nico stated claims that would survive Section 230 of the Communications Decency Act because Glassdoor engaged in content creation when it required users to state they were either current or former employees of Nicholas Air.  After addressing that issue, however, the District Court transferred Nicholas Air's claims to federal court in California because Nicholas Air had entered into the TOU.  ROA.383-401.

Thereafter, Glassdoor again moved to dismiss, this time under Rule 12(c), arguing that Corr had not stated a claim for defamation because the posts were not "of and concerning" Corr. ROA.623-627. This, of course, was contrary to Corr's allegations in the Complaint.  Still, the District Court granted Glassdoor's motion. ROA.695-700.

The District Court erred in two ways: in transferring Nicholas Air's claims to California and in holding that Corr had failed to state a claim because the reviews did not relate to Corr.

## SUMMARY OF THE ARGUMENT

The District Court erred in enforcing a forum-selection clause that Nicholas Air submitted to only under duress, especially considering the negative impact that the transfer had on judicial economy under the public-interest factors.[4] Further, the District Court erred by making credibility determinations that were contrary to Corr's well-pleaded allegations that third parties read the reviews and understood that they related to Corr.[5]

This Court should reverse the transfer order and the order of dismissal, and order that the claims of both Nicholas Air and Corr proceed in the District Court.

## ARGUMENT

**I.    The District Court erred in enforcing the forum-selection clause.**

When evaluating whether to transfer a claim brought by *the party that signed a forum-selection clause*, courts in the Fifth Circuit apply a three-step test: (1)

---

[4] This issue is subject to a hybrid standard of review. "We review the district court's interpretation of the forum-selection clause and its assessment of that clause's enforceability *de novo*, then we review for abuse of discretion the court's balancing of the private- and public-interest factors." *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 366 (5th Cir. 2024) (internal citation and punctation omitted).

[5] This issue is subject to de novo review. *Edmiston v. Louisiana Small Bus. Dev. Ctr.,* 931 F.3d 403, 406 (5th Cir. 2019).

whether the forum-selection clause is mandatory, valid, and whether the dispute falls within its scope; (2) whether the clause is unconscionable or contrary to well-established public policy; and (3) whether extraordinary circumstances weigh against transfer – essentially, whether the public interest factors weigh heavily against transfer. *Davis v. Meta Platforms, Inc.*, 2023 WL 4670491, at \*9 (E.D. Tex. July 20, 2023). The first two factors are evaluated *de novo*, and the third is evaluated for abuse of discretion. *Matthews*, 108 F.4th at 366. Here, the District Court should not have ordered transfer because the second factor weighed overwhelmingly against transfer. Further, as the District Court recognized, when the case has multiple plaintiffs, some of whom ***did not*** enter into the forum-selection clause, the transfer analysis requires consideration of additional factors:

> First, pursuant to *Atlantic Marine*, the private factors of the parties who have signed a forum agreement must, as matter of law cut in favor of severance and transfer to the contracted for forum. Second, the district court must consider the private factors of the parties who have not signed a forum selection agreement as it would under a Rule 21 severance and section 1404 transfer analysis. Finally, it must ask whether this preliminary weighing is outweighed by the judicial economy considerations of having all claims determined in a single lawsuit.

ROA.390-391, quoting *In re Rolls Royce Corp.*,775 F.3d 671, 681 (5th Cir. 2014).

The District Court failed to properly consider the claims of Corr in ordering transfer.

## A. The TOU are unconscionable and are contrary to public policy.

The District Court should have denied Glassdoor's motion to transfer because the TOU are unconscionable and contrary to Mississippi's policy requiring injured parties to mitigate damages. Nicholas Air submitted to the TOU for only one reason: the defamatory content on Glassdoor's website was harming Corr's efforts to hire personnel, as interviewees expressed concern about the posts. ROA.170, at ¶ 18; ROA.521 at ¶ 14.

Accordingly, Nicholas Air submitted to the TOU to mitigate its damages, which was not in any sense voluntarily, and involuntariness alone is enough to show unconscionability if "(1) there is a great imbalance in the parties' relative bargaining power; (2) the stronger party's terms are unnegotiable; and (3) the weaker party is prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all." *Dalon v. Ruleville Nursing & Rehabilitation Ctr., LLC*, 161 F. Supp. 3d 406, 417 (N.D. Miss. 2016) (internal quotations omitted); *see also Mount Carmel Ministries v. Seaway Ban & Trust Co.,* 2015 WL 13375901, at *2 (S.D. Miss. Sept. 2, 2015) ("A forum-selection clause is 'unconscionable only where the stronger party's terms are unnegotiable and the weaker party is prevented by market facts, timing or other pressures from not being able to contract with another party on more favorable terms or refrain from contracting at all.'").

These factors all apply here: (1) Nicholas Air is a privately-held company that is a fraction of Glassdoor's size; (2) Glassdoor does not negotiate the TOU (or, at least, would  not negotiate the TOU with Nicholas Air); (3) Nicholas Air, having learned of the negative impact that the reviews were having on recruitment, had to sign Glassdoor's TOU to address the reviews; and (4) the issue here is reviews on ***Glassdoor***'s website, so contracting with some other party would have done nothing to address the problem.  Indeed, Glassdoor flatly refused to let Nicholas Air respond to the posts until Nicholas Air accepted the TOU.  The Court should not enforce a forum-selection clause that was procured under these circumstances. See *Walker v. Nautilus, Inc.,* 541 F. Supp. 3d 836, 843 (S.D. Ohio 2021) (terms of use for app were procedurally unconscionable when contract was one of adhesion); *Long Beach Auto Auction, Inc. v. United Sec. All., Inc*., 936 So. 2d 351, 353 (Miss. 2006) (forum-selection clause was invalid because it was presented to plaintiff in take-it-or-leave it fashion after plaintiff had already procured defendant's services).

Moreover, district courts should not order transfer if the transfer would "contravene a strong public policy of the forum state." *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997).  Mississippi has such a policy: "it is well established that a party has a duty to mitigate its damages." *R. McKnight & Son v. C & I Ent*., 100 So. 3d 1022, 1027 (Miss. Ct. App. 2012).  Again, Nicholas Air submitted to the TOU in an effort to mitigate its damage.

8

This case is therefore quite different from cases where a social media user voluntarily agrees to terms of use, begins using the site, and only later challenges the terms after becoming disenchanted with the site for some reason. *Long Beach Auto Auction, Inc.* is instructive and analogous in this regard. 936 So. 2d at 353. In that matter, the forum selection clause at issue was contained in a warranty, and "the undisputed facts [were] that the system had previously been installed, leases were finalized and enforceable, and the deposit and first month's rent had been paid, all before LBAA was given the warranty", which was "more than sufficient to overcome the presumptive validity and enforceability of the forum selection clause, as LBAA was a victim of United's overweening bargaining power. There was no meaningful opportunity to object to the forum selection clause." *Id.* The Court further observed: "the system had been installed, the lease agreements concluded and binding, consideration passed with the deposit and first month's rent paid, all before the warranty was delivered. The window of opportunity to negotiate more favorable terms was already closed. Refusal to sign would leave the purchaser/lessor with no written express warranty." *Id.* The facts here are similar – the posts had already been made before the TOU were presented to Glassdoor, there was no meaningful opportunity to object to them, and refusal to sign would have left Nicholas Air without any avenue to respond to the posts.

9

The District Court held the forum selection clause should be enforced based primarily on *Davis v. Avvo, Inc.*, No. 8:10-CV-2352-T-27TBM, 2011 WL 4063282 (M.D. Fla. Sept. 13, 2011). The case is not on point. There, attorney Larry Joe Davis merely argued that Avvo.com had created "an inaccurate profile", as a business practice, Avvo "coerces or tricks individual attorneys (himself included) into joining Avvo.com and implicitly consenting to the Terms (i.e., but for Avvo.com's allegedly actionable and illegal activities, he would never had logged on to the Avvo.com website)." *Id.* at *3. But, distinct from Nico's allegations in this case, Davis did not allege any facts to show that that he was under duress or that the website was negatively impacting his business and instead resorted to legal conclusions. *Id.* That is not this case – again, Nico explained that: (1) the posts were causing real and tangible problems with Corr's efforts to hire personnel; and (2) Glassdoor would not address these problems until Nicholas Air agreed to the TOU. Further, and relatedly, Davis did not argue that his agreement to the relevant terms and conditions was necessary to mitigate his damages. Finally, and more generally, the Fifth Circuit has warned against the District Court's approach of relying upon a single case, because "the Supreme Court has cautioned that a section 1404 transfer inquiry requires an individualized, case-by-case consideration of convenience and fairness." *In re Rolls Royce Corp.*, 775 F.3d 671, 678 (5th Cir. 2014) (internal citation omitted).

The District Court should not have transferred Nicholas Air's claims because under the facts here, the TOU are unconscionable and contrary to Mississippi public policy.

**B.     The District Court did not consider certain factors that this Court has mandated when deciding whether to sever claims, and it misapplied the factors it did consider.**

The District Court also erred in severing Nicholas Air's claims notwithstanding its (unchallenged) holding that Corr is not bound by the TOU. "[T]he need—rooted in the valued public interest in judicial economy—to pursue the same claims in a single action in a single court can trump a forum-selection clause." *In re Rolls Royce Corp.*, 775 F.3d at 679.  This Court further explained:

> The court must weigh carefully whether the inconvenience of splitting the suit outweighs the advantages to be gained from the partial transfer. It should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issue to be litigated in two cases. . . the plaintiffs will suffer some inconvenience if they are forced to litigate their claims in two courts, half the world apart from each other, with not only the consequent added expense and inconvenience but also the possible detriment of inconsistent results.

*Id.* at 680–81 (internal citations and punctuation omitted).  The resultant test (which the District Court recognized) is that:

> First, pursuant to *Atlantic Marine*, the private factors of the parties who have signed a forum agreement must, as matter of law, cut in favor of severance and transfer to the contracted for forum. Second, the district court must consider the private factors of the parties who have not signed a forum selection agreement as it would under a Rule 21 severance and section 1404 transfer analysis. Finally, it must ask

whether this preliminary weighing is outweighed by the judicial economy considerations of having all claims determined in a single lawsuit.

*Id.* at 681. The District Court misapplied this test in at least two ways.

*First*, despite this Court's mandate to consider the private interest factors, the District Court did not consider the private interest factor that considers the "local interest in having localized interest decided at home." *Id.* at 678, n. 30 (internal citations and punctuation omitted). That interest is particularly strong here – Nicholas Air and Corr are both Mississippi businesses, and they are being harmed by Glassdoor's content creation. Indeed, the District Court recognized as much in its personal jurisdiction analysis – although not its venue analysis – stating as follows:

> Glassdoor created a business review page for Nicholas Air—a Mississippi company. Glassdoor then allowed purported employees to go to this review page and leave harmful ratings and reviews about this company and its employees. Some of these reviews stated that the company was located in Mississippi. Glassdoor then required a company it knew was from Mississippi to create an employer account before it could see, respond to, or complain about these negative reviews. Before allowing the company to create this employer account, Glassdoor required the company to enter a terms of use contract. After the employer account was created and the company complained to Glassdoor about the reviews, Glassdoor assured the company that it had escalated the complaint to a senior employee who was working diligently to respond. Then, Glassdoor never responded. All the while, Glassdoor showcased these negative reviews to potential Mississippi employees who were interested in working for the company, harming the company in the process.

ROA.387.

Second, the District Court was factually incorrect in determining that transfer would not harm judicial economy – and we need not speculate about that, because the post-transfer results tell us as much.  Upon transfer, the California federal court rejected the District Court's prior holding that Nicholas Air had stated a claim that survives Section 230, and dismissed Nicholas Air's claims for failing to satisfy that statute. *Nicholas Servs., LLC v. Glassdoor, LLC*, No. 24-CV-05789-RS, 2025 WL 240765, at *1 (N.D. Cal. Jan. 17, 2025).  This, of course, is why the District Court should have heeded *Rolls Royce Corp.*'s warning that severance could lead to "inconsistent results".

The District Court should not have severed the claims—instead, it should have held that the overriding need for judicial efficiency trumped the TOU, particularly given the manner in which Nicholas Air's supposed assent was procured.

## II.    The reviews are "of and concerning" Corr.

The District Court also committed reversible error when it held that Corr had not stated a claim for defamation.

Corr plausibly alleged that persons reading the reviews understood that they related to Corr.  ROA.170, at ¶ 18; ROA.521 at ¶ 14.  The District Court was required to treat these allegations as true. Further, the District Court admitted that Corr's burden was light, and that "'it is enough that *any* recipient of the communication reasonably so understands [the plaintiff as the person intended],'" ROA.699, quoting

*Perkins v. Littleton*, 270 So.3d 208, 214 (Miss. Ct. App. 2018) (emphasis and brackets added by the District Court). That is exactly what Corr alleged, and that is all it was required to allege to meet the "of and concerning" requirement. Yet, the District Court abandoned its function at the Rule 12 stage, drew inferences, and held "*no* person could understand Glassdoor's speech to be directed at Corr Flight." ROA.699 (emphasis in original). Again: Corr provided an allegation that candidates who interviewed for jobs in fact drew that precise conclusion. By its holding, the District Court preemptively determined those persons were not reasonable and making that factual determination, it committed reversible error, as "a district court is required to indulge any inference in the plaintiff's favor." *Rodriguez v. Rutter*, 310 F. App'x 623, 628 (5th Cir. 2009) (reversing district court's grant of a motion to dismiss because the district court "drew inferences in favor of the" defendants).

More generally, Corr alleged that it employs everyone who performs any function for Nicholas Air, such that any allegation related to Nicholas Air's purported employment practices by definition relate to Corr's employment practices. The necessary corollary is that any person who has ever worked for Corr, interviewed with Corr, or is otherwise familiar with Corr's employment agreements would know that Glassdoor's references to Nicholas Air mean Corr.

Multiple other federal courts who have properly heeded their Rule 12 responsibilities have held that similar allegations stated a claim. *E.g., Caudle v.*

*Thomason*, 942 F. Supp. 635, 638 (D.D.C. 1996) (although allegations related to a corporate entity, AOA, they were of and concerning the individual plaintiff because he "was the CEO and President of AOA and was otherwise closely associated with AOA. He alleges in the complaint that he 'made all business decisions regarding corporate actions which are the subject matter of this lawsuit.'"; *see also Palin v. New York Times Co.*, 940 F.3d 804, 816 (2d Cir. 2019) (Sarah Palin plausibly alleged that article referring to her political action committee defamed her individually); *Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 216–17 (D.C. Cir. 1999) ("To satisfy the 'of and concerning' element, it suffices that the statements at issue lead the listener to conclude that the speaker is referring to the plaintiff by description, even if the plaintiff is never named or is misnamed.")

Corr satisfied its pleading allegations. It alleged that: (1) it is closely affiliated with Nicholas Air; (2) it makes all employment-related decisions for Nicholas Air, (3) any person familiar with Nicholas Air would infer that the defamatory comments refer to Plaintiff; and (4) actual – not hypothetical – persons who interviewed for employment with Corr believed that the reviews were about Corr.

## III. The District Court improperly considered only the employer/employee portions of the posts in holding that the posts were not defamatory.

The District Court also erred when it framed the defamation claim as being based ***only*** on the employer/employee rubric that Glassdoor created. Specifically, the District Court held "the words 'employee' and 'former employee' are not clearly

15

and unmistakably defamatory." ROA.700.  That, of course, was not the question, as the District Court recognized in its order addressing Glassdoor's original motion to dismiss.   In that order, the District Court held that "negative review from an employee carries more weight than a negative review from a third party or a contractor, and, by forcing users to state they are (or were) employees and giving them no other options, Glassdoor is effectively making the employee-statement themselves." ROA.400-401.  As this holding recognized, because Glassdoor materially contributed to the defamatory nature of the posts, it was not necessary for Glassdoor to create every single defamatory word.  As the District Court recognized, that is exactly what Glassdoor did – it gave the allegations an imprimatur of credibility by stating that the posts were made by current or former employees.

The District Court's holding was fully consistent with *Roommates* – the Ninth Circuit case that the District Court cited in-depth in its initial order, and that Glassdoor itself has relied upon. *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1166 (9th Cir. 2008). Specifically, *Roommates* held that a website operator can be liable if it is the "developer, at least, *in part*" of the post and/or "*contributes to* the alleged illegality". *Id.* at 1168. (emphasis added).  Glassdoor did this. Again, it required that its posters self-identify as current or former employees, and in so doing suggested the posters knew what they were talking about when they made defamatory comments about the company.

16

Nor is there any apparent dispute that the posts as a whole are defamatory – they repeatedly engage in per se defamatory commentary by attacking Corr's business competence as well as the personal character of its executives.  These statements are defamatory per se in Mississippi. *Bros. v. Winstead*, 129 So. 3d 906, 928–29 (Miss. 2014).

## CONCLUSION

The District Court erred in transferring Nicholas Air's claims because the TOU are unconscionable under the facts presented here, and further because Corr's claims are so intertwined with Nicholas Air's claims that the claims should be decided by the same court. Further, The District Court erred in holding that Corr could not state a claim for defamation – it alleged facts sufficient to show that reasonable observers could believe that the posts related to Corr, and there is no question that the posts were defamatory in nature.   This Court should reverse the Court's orders and direct that Nico's claims proceed to discovery.

Respectfully submitted,

NICHOLAS SERVICES, LLC and
CORR FLIGHT, S., INC.

BY THEIR ATTORNEYS:

**BAKER, DONELSON,
BEARMAN, CALDWELL &
BERKOWITZ, P.C.**

*/s/ D. Sterling Kidd*

D. Sterling Kidd (MS Bar # 103670)
Baker, Donelson, Bearman, Caldwell,
& Berkowitz, PC
One Eastover Center
100 Vision Drive Suite 400 (ZIP 39211)
P. O. Box 14167
Jackson, MS  39236
Tel.: 601-351-8952
Fax: 601.974.8952
skidd@bakerdonelson.com

*Attorney for Plaintiff/Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on September 11, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ D. Sterling Kidd*
D. Sterling Kidd (MS Bar # 103670)
Baker, Donelson, Bearman, Caldwell,
& Berkowitz, PC
One Eastover Center
100 Vision Drive Suite 400 (ZIP 39211)
P. O. Box 14167
Jackson, MS  39236
Tel.: 601-351-8952
Fax: 601.974.8952
skidd@bakerdonelson.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I am the attorney for the Appellants.

**This brief contains <u>4,142</u> words,** including <u>0</u> words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[x] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ D. Sterling Kidd           **Date** September 11, 2025